970 So.2d 677 (2007)
Jake John SCHIRO, Sr., Individually and as Administrator of the Estates of Dolores Schulte Schiro, Jake John Schiro, Jr. and Cynthia Ann Schiro
v.
ACADIAN AMBULANCE SERVICE, INC. and ABC Insurance Company.
No. 2007-CA-0519.
Court of Appeal of Louisiana, Fourth Circuit.
November 9, 2007.
Rehearing Denied December 27, 2007.
Michael J. Mestayer, Michael J. Mestayer, A PLC, New Orleans, G. Gregory Green, Law Offices of G. Gregory Green, Monroe, LA, Walter J. Leger, Jr., Leger & Shaw, New Orleans, LA, for Plaintiff/Appellant.
Stephanie B. Laborde, Angela W. Adolph, Milling Benson Woodward, L.L.P., Baton Rouge, LA, for Louisiana Patients' Compensation Fund Oversight Board.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, Judge TERRI F. LOVE, Judge EDWIN A. LOMBARD and Judge LEON A. CANNIZZARO, JR.)
JOAN BERNARD ARMSTRONG, Chief Judge.
The plaintiff-appellant, Jake John Schiro, Sr., appeals a judgment of November 9, 2006, limited to a finding that his medical malpractice claims against the defendant-appellee, the Louisiana Patients' Compensation Fund Oversight Board (the "Fund") are not covered by the Louisiana Medical Malpractice Act. Such a finding effectively bars the plaintiff from any recovery against the Fund.
This case arose out of the tragic drowning of several family members in Katrina flood waters. The claim was originally filed against St. Bernard Parish and Acadian Ambulance Service of New Orleans, L.L.C., an affiliate of Acadian Ambulance Service, Inc. (collectively "Acadian Ambulance"), alleging that these defendants failed to provide "contractually promised evacuation," resulting in the deaths from Hurricane Katrina of the plaintiff's wife, son and daughter. However, this appeal concerns the death only of the plaintiff's wife ("the decedent") and the plaintiff's claim against only the Fund, for the alleged malpractice of Acadian Ambulance in failing to evacuate the decedent during the Katrina emergency.
The facts of the case are basically undisputed. Acadian Ambulance contracted with the St. Bernard Parish government to provide evacuation transportation services *679 to persons designated on a list compiled by the Parish. There is no allegation that Acadian Ambulance participated in any way in the compilation of the list of designated evacuees; there is no allegation that Acadian Ambulance participated in any way in the establishment of criteria for eligibility for designation on the list; there is no allegation that Acadian Ambulance ever had any contact with the decedent; there is no allegation that Acadian Ambulance ever evaluated the decedent or ever established any relationship with the decedent of any kind; and there is no allegation that Acadian Ambulance ever rendered any service of any kind to the decedent, medically related or otherwise. However, the plaintiff contends that the decedent was the third-party beneficiary of Acadian Ambulance's contract with the Parish. As we hereinafter affirm the trial court's holding that the plaintiff has no malpractice claim against Acadian Ambulance, we never reach the question of the decedent's status as a third party beneficiary.
There is no reference in the original petition or in the amended petition to Acadian Ambulance as a qualified health care provider. The petitions contain no allegation that the decedent was a patient of Acadian Ambulance, or that Acadian Ambulance breached the standard of care of community health care providers in the community in question. There are no allegations of medical malpractice.
Acadian Ambulance and its liability insurer entered into a confidential settlement with the plaintiff in which Acadian Ambulance paid its full deductible and its insurer paid additional sums. The trial court found that the unknown settlement amount was in excess of $100,000.00. The plaintiff does not contest that finding. Therefore, the plaintiff filed a Petition to Approve Settlement seeking additional damages from the Fund. The Fund objected on the grounds that the plaintiff had asserted no claims under the Medical Malpractice Act (MMA) requiring approval of settlement. The trial court scheduled a hearing on the objection as a result of which the trial court rendered a judgment holding that "the actions complained of by the plaintiffs against Acadian Ambulance Service, Inc. are not covered by the requirements of the Louisiana Medical Malpractice Act."
It is undisputed that Acadian Ambulance is a qualified health care provider. However, this does not mean that its every action is a health care action. In Hidalgo v. Wilson Certified Exp., Inc., 94-1322 (La.App. 1 Cir. 5/14/96), 676 So.2d 114, the court held that the Louisiana legislature did not intend to include negligence in driving an ambulance within the scope of the MMA. Thus, if negligence in driving an ambulance is not malpractice under the MMA, then failing to drive the ambulance under the facts of this case is not medical malpractice.
Similarly, in Robinson v. Allen Parish Police Jury, 05-0394 (La.App. 3 Cir. 12/30/05), 918 So.2d 535, the court explained that:
[I]t is the nature of the act complained of, and not the status of Acadian Ambulance as a health care provider, that is determinative of the issue. Acadian Ambulance's status as a qualified health care provider does not mean that every claim against it is covered by the MMA. Strict construction of the MMA requires that its limitations on liability apply only to claims of negligence by the health care provider in the provision of "health care" or "professional services" to a patient. Wild v. NS'NG, Inc., 04-0933 (La.App. 1 Cir. 12/30/04), 898 So.2d 466. Maintaining the structural and operational integrity of a helicopter cannot be *680 considered a part of Mr. Celestine's treatment, nor would such care require the assistance of a doctor, nurse or paramedic.
Id., 05-0394, pp. 8-9, 918 So.2d at 540.
LaCoste v. Pendelton Methodist Hospital, 06-1268 (La.App. 4 Cir. 12/6/06), 947 So.2d 150, has been overruled by the Supreme Court since the time the plaintiff filed his appeal. LaCoste v. Pendelton Methodist Hospital, 07-0008 (La.9/5/07), 966 So.2d 519. It is an evacuation case, but in LaCoste, the decedent-patient who was ventilator dependent was admitted to Methodist Hospital prior to Katrina's landfall. A number of patients were evacuated, but the decedent was not and she died in the hospital. The Supreme Court, in reversing this Court, found that the plaintiff's claim in that case sounded in tort and not malpractice. Thus the Supreme Court's decision in LaCoste is consistent with the decision of this Court.
In Williamson v. Hosp. Service Dist. No. 1 of Jefferson, 04-0451 (La.12/1/04), 888 So.2d 782, the Supreme Court found that the hospital's failure to repair a wheelchair resulting in injury to its patient did not sound in malpractice. By way of analogy, how and why Acadian Ambulance did not arrive to transport Mrs. Schiro with whom it had no prior relationship does not relate to medical malpractice.
The plaintiff's petition for damages alleges a failure to provide transportation services. The service that Acadian Ambulance was to provide was similar to other modes of transportation services provided to assist in the evacuation of storm victims. Under the facts of this case, Acadian Ambulance was not called because the decedent had an emergency medical condition. There is no allegation that Acadian Ambulance failed to render medical treatment or health care services, or that any substandard healthcare related service was rendered by Acadian Ambulance to the decedent or that any of her injuries resulted therefrom. As the trial court correctly observed, there was never any loading, transport or unloading of a patient as would be required under the MMA.
There is nothing in the record implying that Acadian Ambulance participated in any medical evaluation of the decedent in determining her designation for the list of persons to be given assistance in evacuating. There was never any contact between the decedent and Acadian Ambulance.
The plaintiff never submitted his claim to a medical review panel. La. R.S. 40:1299.47(B)(a)(i) makes this a prerequisite to any such action against a health care provider:
No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section.
The plaintiff made no allegations of medical malpractice when he filed suit or when he amended his petition and did not refer the matter to a medical review panel. Plaintiff made no allegations of medical malpractice and made no reference to the Louisiana Patients' Compensation Fund until he filed his "Petition to Approve Settlement with Qualified Health Care Provider under La. R.S. 40:1299.41 et seq," and this was after he had agreed to settle for an unknown sum in excess of the $100,000.00 limit under the MMA.
The trial court correctly noted in its reasons for judgment that the MMA is in derogation of the rights of tort victims and its language must be strictly construed and any ambiguity must be resolved against coverage by the MMA. Williamson v. Hospital Service District No. 1 of Jefferson, *681 supra; Coleman v. Deno, 01-1517 (La.1/25/02), 813 So.2d 303.
In its written reasons for judgment, the trial court made the following observation:
The Court also points out that the settlement entered into between plaintiffs and Acadian is for a sum in excess of $100,000.00 plus some costs. Said exact amount is not before the Court. One purpose of the MMA in the context of malpractice actions is to limit the plaintiff recovery to $100,000.00 from the healthcare provider and then to proceed against the patient compensation fund. Here plaintiffs [sic] recovery is unknown and plaintiff could recover in excess of the statutorily mandated damages.
We agree with this analysis of the trial court.
Plaintiff cites Bodin v. Delta Towing, L.L.C., et al., 02-0295, 2003 WL 203106 (E.D.La.1/29/03), unpub., in support of its contention that an ambulance service's failure to evacuate was covered by the MMA. We do not find that Bodin helps the plaintiff's case. Bodin is an unreported Federal District Court opinion. The facts set forth in the opinion are limited. All we are told is that the plaintiff, a deckhand, suffered a personal injury "aboard the M/V DELTA TRADITION during anchor operations for the barge M/V MIDNIGHT RIDER." The plaintiff filed a Seaman's Complaint against certain defendants, including Delta Towing, LLC. In a second amended complaint, plaintiff alleged that Delta Towing, LLC was also liable for the negligence of its agents, Acadian Ambulance Service, Inc. and Offshore Logistics, Inc., under the doctrine of respondeat superior. Delta filed an answer to this second amended complaint which included a third-party complaint based upon Fed. R.Civ.P. 14[c] against Acadian Ambulance Service averring that Acadian failed to provide "timely medical care and/or evacuation to an appropriate medical facility," but no further facts are given from which the reader can deduce in what way Acadian's action were deemed to be deficient. As the Fund points out, it is impossible to know from reading Bodin whether the plaintiff is alleging that Acadian was delayed in arriving to transport the plaintiff, or that it was delayed in delivering him to a facility, or that care provided during delivery was not timely, or that it delivered him to an inappropriate medical facility.
The Bodin court found that it was without subject matter jurisdiction because there was no allegation "that the medical review panel process as required by the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41, et seq. [`LMMA'], prior to initiation of a malpractice action, has been completed." Accordingly, the court dismissed the plaintiff's claim. Therefore, if this Court were to agree with the plaintiff in the instant case that the alleged actions or omissions of Acadian Ambulance constitute malpractice, we would still be required to affirm the trial court's judgment on the basis that it is uncontested that the plaintiff's claim has never been referred to a medical review panel.
Additionally, assuming for purposes of argument only that the facts in Bodin were exactly analogous to those of the instant case, we have no way of knowing how that court would have ruled had the question of medical malpractice vel non been before the court. As it was, the Bodin court was faced with allegations of medical malpractice which were deficient on their face. The Bodin court never reached the question of whether the alleged acts, whatever they may have been, actually raised a claim sounding in medical malpractice and there is nothing in the opinion suggesting that had the Bodin court been faced with the facts we have *682 before us in the instant case that it would have found that the plaintiff's claim against Acadian Ambulance is a malpractice claim. In other words, we find that all the Bodin opinion stands for is the fact that a claim alleging medical malpractice cannot proceed without first going to a medical review panel. The Bodin opinion makes no findings about what actions or omissions actually fall under the MMA. Thus, our analysis of Bodin favors the result reached by the trial court in the instant case.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
MURRAY, J., Concurs with Reasons.
LOVE, J., Concurs in the Results and Assigns Reasons.
MURRAY, J., Concurring.
Because there was never an allegation of medical malpractice and because the petition does not state that it is malpractice, it is not malpractice. I would thus find the trial court is correct.
LOVE, J., Concurring in the Results.
I respectfully concur in the result of the majority.
The plaintiff never asserted any claims against Acadian Ambulance based on medical malpractice. The plaintiff also never submitted his claim to a medical review panel, as required in actions against qualified health care providers pursuant to La. R.S. 40:1299.47(B)(a)(i).
Unlike the majority, I find that this case presents a procedural deficiency, which does not necessitate substantive analysis.